Dear Mr. Pelican:
This office is in receipt of your opinion request in which you ask if it is lawful for a full-time assistant chief of police of a small town (population under 4,000) to also hold an elected office as ward constable of a rural parish.
Louisiana dual officeholding law, LSA-R.S. 42:63 (D) states as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of the state or in the government of a political subdivision thereof. No person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
The definitions pertaining to dual officeholding are provided in LSA-R.S. 42:62, which states in part:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Clearly, the office of constable is an elective office in accordance with the above definition. The issue then becomes whether the office of assistant chief of police is an appointive office or a position that would be considered employment. This office has held that a constable may not simultaneously hold the office of chief of police, regardless of whether the chief of police position was elective as in Opinion No. 96-517, or appointive as in Opinion No. 96-477. This office has also held that a constable may hold full-time employment as a municipal police officer (per Opinion Nos. 97-214 and 94-609). It is thus clearly permissible for you to hold the elective office of constable and employment as a police officer for the Town of Kinder.
LSA-R.S. 33:381 (A) states:
 "The officers of every municipality shall be a mayor, alderman, a chief of police, a tax collector, a clerk, and a street commissioner."
Assistant chief of police is not listed as an "officer" of a Lawrason Act Municipality. LSA-R.S. 33:362 (3) states in part that:
 . . . the board of alderman shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees."
As the position of assistant chief of police is not one of the enumerated "officers" in a lawrson act municipality, it is our opinion that it is an employed position as is any other municipal police officer. Since the provision in LSA-R.S. 42:63 (D), prohibits "an elective office from holding employment . . . in the same political subdivision in which he holds an elective office" and since the constable position and assistant chief of police position are from different political subdivisions, it is permissible for you to hold the elective office of constable and the full-time employed position of assistant chief of police.
We trust that this opinion sufficiently addresses your concerns. If our office may be of any further assistance, please do not hesitate to contact us at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb